April 14-6492 United States of America v. Amber Flowers I will now ask you to do 15 minutes of silence to interrupt for your comments. Ms. Frost May it please the court, I'm Erin Rust, an attorney with the Federal Defender Services of Eastern Tennessee. I'm here on behalf of the appellant, in this case Ms. Amber Flowers. This court should abandon its prohibition on the consideration of the 3553A factors in addition to the extent of a defendant's substantial assistance when sentencing a defendant below a mandatory minimum under 3553E. This is because this interpretation, this prohibition, has always been based on judicial construction of 3553E. It's not explicitly contained in the statute. Do the cases that provide for that limitation, are they holdings as opposed to dictum? The cases that hold, the cases that interpret 3553E as requiring, as prohibiting consideration of the 3553A factors. That's a throwaway sentence that says of course this is true but it doesn't matter. These are things where they say that and therefore rule on the basis of it. Is that correct? There are cases where the court does, where it's holding is based on a finding that 3553... Published cases. Yes, your honor. So that means, from my perspective, I can't speak for my colleagues, that you've got to find something that's either statutory or supreme courtly that's inconsistent. Yes, your honor.  They're interesting and thoughtful arguments, but some of them don't rise to that level. I would... Some of them rise to that kind of, the law has changed. Not the law should change or the law might change or the law ought to change, but the law has changed. Which of your arguments rise to that level? Well, your honor, because this prohibition has always been a subject or the result of interpretation of a statute, Congress, through the amendment 780 to the U.S. Sentencing Guidelines, evidences its intent that the 3553A factors can be considered in addition to the extent of a defendant's substantial assistance. Because of the amendment to the guidelines by the commission. By the commission, correct, your honor. However, the amendment process, the ultimate authority over what does and does not get amended, still resides with Congress. A little bit of a stretch to say that's a statutory change, but there's nothing else though, is that right? There's nothing else that rises to an even arguably statutory level. Your argument sort of depends, I guess, wins or loses before us, based on whether that A, that is the equivalent of a statutory change, and B, that it actually does what you say it does. Is that right? Well, your honor, with respect to whether or not this panel can issue a ruling, I do agree that it does come down to whether or not there's new law. At least for me. So if you get down, now we're getting down to just this amendment. You've got to win on this amendment or it's hard for us to rule in your favor, right? At least you would say that. I'm having trouble reading the amendment to say what you say it says. Okay, your honor. I've got the amendment right in front of me. Amendment 780, which amends the guideline provision 1B1.10, and what 1B1.10 is is the commission's guideline that directs how district courts can retroactively apply changes in the guidelines. So amendment 780 allows a further reduction of a defendant's sentence below a mandatory minimum and further directs district courts to consider 3553A in addition to the extent Where does it do that? Well, first of all, the statute, the authorizing statute that gives the commission the authority to set its own rules for retroactive application is 18 U.S.C. section 3582. And subsection C2, that subsection specifically states that a sentence may be reduced after considering the factors set forth in 3553A. Further, your honor, to the extent that the 3553A factors are applicable to the specific defendant, various factors apply to different defendants with different levels of importance in an individual's case. Further, application note 1B to the guideline 1B1.10 provides a list of what factors the court shall consider and may consider when granting a retroactive reduction in a sentence. 1B? Application note 1B, yes, your honor. It's titled Factors for Consideration. It states that the court shall consider the 3553A factors, that the court shall consider the danger to the public, and that the court may consider post-sentencing conduct. And I would also point out that... And that's changed? No, your honor. That has always... What's changed? What has changed is amendment 780, which addresses substantial assistance reductions below a defendant's mandatory minimum. And what that amendment does... B... C. It's subsection... 1.10C, is that what we're talking about? Yes. Yes, your honor. That's what I thought it was. So you're talking about 1B1.10C, cases involving mandatory minimum sentences and substantial assistance. And, you know, I went through this at length yesterday, trying to prepare for this case, and it's hard for me to see where that suggests that 3553A factors would be used. What it seems to suggest is that... there's an exception to the limit in the reduction to a sentence within the amended guideline range. Right? There is, and across the board, there's a general limitation that applies to any defendant who is being sentenced retroactively. There is also a... Below the amended guideline range, so that for practical purposes, the bottom of the amended guideline range is mandatory. It's not discretionary. Yes, your honor. There's also... Unlike Booker and all of that, where you can go below, you can vary and all of that, under this amendment, you can only go down to the bottom of the amended guideline range. Yes, except that there... Except for these two exceptions. Yes, which both address substantial assistance. And what they do is they say, for the purposes of this floor, it goes below. The floor goes below. You're not stuck with that. Yes, your honor. And it would seem like the purpose for that would be to permit these reductions to have an effect, to have the same kind of effect they would have had if that amended guideline had been in place in the first place. The stated intent is to allow defendants who had a substantial assistance reduction below a mandatory minimum at their initial sentencing be eligible for a reduction in their sentence. But it seems from the examples they give, though, this is what I was looking at the application note, the examples talk about substantial assistance reductions that were based on substantial assistance, not based on 3553 factors. And then an equivalent amount of substantial assistance reduction should apply to or may apply to the guideline range that has been reduced. Nothing in that, if I'm reading it that way, and I think that's the way it reads, both of the examples, A and B, under the application note say, assume that the court previously granted a lessening based on substantial assistance. It seems like, to me, what these things are doing is saying you take the guideline range, which had this percentage reduction, you look at the guideline range down here, and you can give no more than this percentage reduction. But this percentage reduction here, there's nothing that says that this percentage reduction below is to be calculated anywhere differently from the way it was calculated before. It's just a percentage of something that's ultimately derived from 3553 factors, but it's a percentage that's based, one would assume, solely on the basis of... What it does, Your Honor, is it grants the district court the authority to issue a sentence that is substantially lower than the original mandatory minimum. Right. But the amount of the substantial lowerness, if you will, is based on... There's nothing that indicates that that amount of substantial lowerness is based on 3553 factors or guideline factors outside of substantial assistance. The percentage, the comparable reduction, that percentage stays the same. So we can look at Ms. Amber's case... If that's true, that suggests to me that there's nothing in this amendment which counters the idea that reductions are not to be based on 3553. Because, Your Honor, what it does is while it applies the same percentage to the bottom of the amended guideline range, that percentage is potentially greatly increased from the mandatory minimum. So it grants the court... We can look at Ms. Flowers' case. A greater distance below the mandatory minimum. Below the mandatory minimum. So district... Greater if it corresponds to at least what they seem to be contemplating here. It's only farther down below the mandatory minimum to the percentage extent that it was below... It's not further below... Excuse me, Your Honor. All right, go ahead. It's not the same percentage below the mandatory minimum that was originally applied. If that were the case, they wouldn't be eligible for a reduction at all because the mandatory minimum hasn't changed. What it does is it applies the percentage... It takes away the mandatory minimum for that limited purpose. For the purpose of calculating the extent of the reduction. If that were the...  If the new range had been the range at the time of the original sentencing and we had the rule that those departures could only be based on substantial assistance and couldn't be based on further 3553 factors, then what the sentencing judge would have done back then would have been what this amendment allows now. No, Your Honor. Why not? Because this amendment allows in some instances where a defendant has a mandatory minimum of say 240 months of 20 years, but their guideline range was substantially lower, say 70 to 87 months. What this amendment does is it grants the district court authority to take whatever percentage he originally got from his 240-month mandatory minimum, say he got 120 months, so he got a 50% reduction from his original mandatory minimum. Based not on 3553, but only based on... Correct. Correct. Then you take 50% off of the amended guideline range. So if his amended guideline range is two levels lower, then we're looking at... There's nothing about that, what you just described, which suggests that Congress now, or the Sentencing Commission, wants that amount to be based on 3553 factors. There is, Your Honor, because the guideline itself, 1B1.10, directs that when determining the extent of the defendant's reduction, in all cases the district court shall, is required, to consider the 3553A factors. To the extent they're applicable to the specific defendant, whatever the factors of that case are. So you're not relying on C and B here, you're really relying on that original place where it says apply 3553 factors. I'm relying on all of it in conjunction, Your Honor. The mandatory minimum is that by removing the... I see him. Finish your sentence. By removing the mandatory minimum, Congress, which had the final authority to disapprove of this amendment and which has disapproved of amendments in the past, allowed the court to grant reductions in defendants' cases further below the mandatory minimum without regard to the mandatory minimum and in the context of a guideline, which again, Congress, when it was originally passed, had final approval and authority over it. The guideline itself requires the district court consider the 3553A factors when setting the extent of the reduction. Thank you for your argument. May it please the court, Michael Porter on behalf of the United States. The district court did not err in this instance when it declined to consider factors unrelated to the value of the defendant's substantial assistance when departing downward pursuant to a government-sponsored motion. The motion in this case was pursuant to section 3553E and section 5K1 of the guidelines. The defendant was initially subject to a 120-month mandatory minimum. What the court did is it heard arguments from both parties and it assessed the value of the defendant's substantial assistance. It departed downward three levels. It arrived at an amended guideline range of 77 to, I believe it was 96 months. The court asked both parties if they had anything to add regarding the value of the substantial assistance the defendant provided in this case. The United States presented an argument and advised the district court that it had nothing additional to add. Defense counsel also advised that it had nothing additional to add. After that, defense counsel argued that the defendant was entitled to an additional variance under section 3553A on top of the 3553E variance. The United States presented the district court with case law indicating that that was the wrong result. The district court ultimately agreed. In so doing, the district court followed decades of precedent from this circuit. The two published cases that come to mind are United States v. Williams and United States v. Bullard. United States v. Williams was a published 2012 case. United States v. Bullard was a published 2004 case. Both of those cases, the United States submits state in no uncertain terms that when departing downward under a government-sponsored motion from a mandatory minimum under section 3553E, the court is limited to factors related to the value of the defendant's substantial assistance. The district court simply did not err in this instance. With respect to the arguments regarding section 1B1.10 of the guidelines, they put this particular defendant in no different position than she would have been if she had not received... if she had been sentenced before the drug minus two amendment went into effect. This particular defendant was sentenced in November of 2014 after the drug minus two amendment went into effect. Even if she had not been sentenced before that, she would still be in the exact same position. And here's why. The language of this particular guideline, 1B1.10, what it does when a defendant comes back for resentencing under 3582 after they have already received a substantial assistance reduction pursuant to a government-sponsored motion from a mandatory minimum. What this guideline makes clear is when the defendant comes back and gets the benefit of that drug minus two reduction, it is limited to the value... the substantial assistance reduction that was given in the first instance. 1B1.10 in no way gives the court the authority to engage in the plenary sentencing factors under 3553A. Now, there is some language in 3582, there's some language that I believe Ms. Russ talked about regarding 3553A when applicable. What the United States submits is that the import of that language is the court does have the discretion when determining whether to give the defendant the full benefit of the two-level reduction. The court can look to the 3553A factors and decide not to give the defendant the full benefit down to the comparable range. The court can do that. And in instances where that happens is where a particular defendant has trouble while they are incarcerated, they commit new crimes while they are incarcerated for whatever reason, they still present a danger to the public. And the court is allowed to consider those factors when determining whether it should give the defendant the full benefit of the reduction. But Section 1B1.10, Sixth Circuit Case Law 3582, in no way grants district courts the authority to use the plenary sentencing factors under 3553A to give a reduction more than what is comparable to the substantial assistance reduction that the defendant initially received at her first sentencing. As far as the defendant's arguments regarding the substantive reasonableness of the sentence, what we have here is a mandatory minimum sentence. The United States submits that, by definition, mandatory minimum sentences are substantively reasonable. We've cited case law in our brief to that effect. I would note that United States v. Marshall is one of the Sixth Circuit decisions that stand for that proposition. The defendant also raises arguments under the Eighth Amendment, under the Due Process Clause. The United States would submit that those particular arguments are subject to plain error review. They were not raised below, but even if we do get into the substance of those arguments, I would submit in this instance there is no Eighth Amendment violation. The Supreme Court and this Court have upheld Eighth Amendment challenges in instances where defendants were sentenced to far harsher sentences than this particular defendant, and also where those defendants had far less of a criminal history. The Supreme Court case that comes to mind is United States v. Harmelin, and I believe that particular defendant had no criminal history and was sentenced to life imprisonment or something close to it for possession of crack cocaine. The Sixth Circuit has also upheld 10-year mandatory minimums in instances where defendants have a little or no criminal history. In this case, this particular defendant, the United States would submit although she did not have the worst criminal history, she had a fairly substantial criminal history. She had eight criminal history points, and she had some serious underlying convictions in her past, including a felony conviction for smuggling drugs into jail, also a misdemeanor conviction for striking a law enforcement officer in the face, and a misdemeanor conviction for distributing controlled substances, which just as easily could have been a felony conviction. I do see that I have a lot of time left, but unless the Court has any questions for me, the United States would defer to the arguments in our briefing, and we ask the Court in this instance to affirm the defendant's sentence. Thank you, Counsel. Your Honors, what subsection 1B1.10 in the Sentencing Guidelines does when it incorporates the amendment under 780 is it gives the Court discretion to grant an additional reduction below the value of the defendant's substantial assistance. It does not contemplate that the amount of substantial assistance or the value of the substantial assistance provided by the defendant has increased in any way. There are different mechanisms if a defendant has provided additional substantial assistance to have their sentence retroactively reduced. What it does on a retroactive resentencing is remove the limit of the mandatory minimum and grant the District Court discretion to further reduce the sentence based on consideration of 3553A factors. Granted, there is a floor that the Sentencing Commission has provided, but in many cases, there's a substantial difference between what the floor is and what the sentence was originally. In determining where to place the defendant's retroactive sentence, the Court is directed to look at the 3553A factors. Ms. Flowers is a defendant who achieved every goal of sentencing during the two years that she was  I'm just intending to summarize my argument, Your Honor. Her incarceration harms not only herself, but her children and society as a whole. Because the amendment, Guideline Amendment 780, has clarified Congressional intent that 3553A factors can be considered to reduce a defendant's sentence beyond the value of their substantial assistance, continuing to prohibit consideration of the 3553A factors in an initial sentencing leads to absurd results, leads to treating defendants differently for unreasonable, for no legitimate reason, including a defendant sentenced at resentencing under 1B1.10, or defendant sentenced... You have to say our opinion in Grant was wrong, or is different. No, I don't think you do, Your Honor, because Grant specifically stated that part of why it concluded that a substantial reason for why it concluded 3553A factors couldn't be considered in a Rule 35B proceeding was because, to that point, Congress had not done anything to clarify or change its interpretation of 3553B. We have to say that Congress had sufficiently indicated that we were wrong in Grant. We would... We would have to say, Your Honor, yes, that this amendment to the guidelines, which was approved by Congress, and, again, I would note that Congress has affirmatively acted in the past. Thank you for your thoughtful argument. Thank you. Thank you. The case will be submitted. The remaining cases are on the briefs, and I think you can adjourn the Court.